IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD C. PETERSON** | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | NO.  07-2442 |
| | : | |
| **MARILYN BROOKS; MS. WARDEN;** | : | |
| **THE DISTRICT ATTORNEY OF THE** | : | |
| **COUNTY OF PHILADELPHIA; and THE** | | |
| **ATTORNEY GENERAL OF THE STATE** | | |
| **OF PENNSYLVANIA** | | |
| Respondents. | | |

## ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 9th day of August, 2007, upon consideration of the *pro se* Verified FRCP 60(b) Motion for Leave to Modify the June 15, 2004 Order of this Court; And, to Reopen the Judgment of the Third Circuit Court (Document No. 1, filed June 18, 2007); the Answer to Petitioner's Motion Under Rule 60(b) for Relief from Judgment (Document No. 2, filed June 29, 2007); and the *pro se* Reply to the Respondents' Answer to the Verified FRCP 60(b) Motion for Leave to Modify the June 15, 2004 Order of this Court; And, to Reopen the Judgment of the Third Circuit Court (Document No. 5, filed July 25, 2007), for the reasons set forth in the attached memorandum, **IT IS ORDERED**, as follows:

1.  The *pro se* Verified FRCP 60(b) Motion for Leave to Modify the June 15, 2004 Order of this Court; And, to Reopen the Judgment of the Third Circuit Court is **DENIED**; and

2.  A certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).

**M E M O R A N D U M**

I. **INTRODUCTION**

Presently before the Court is petitioner Edward C. Peterson's *pro se* Verified FRCP 60(b) Motion for Leave to Modify the June 15, 2004 Order of this Court; And, to Reopen the Judgment of the Third Circuit Court (the "*pro se* Rule 60(b) Motion"). In the *pro se* Rule 60(b) Motion, petitioner seeks to (1) reopen the Order of this Court dated June 15, 2004; and (2) reopen the judgment of the Court of Appeals for the Third Circuit dated September 26, 2006, *inter alia*, affirming the Court's June 15, 2004 Order. For the reasons set forth below, the *pro se* Rule 60(b) Motion is denied.

II. **BACKGROUND**

The relevant facts and procedural history are set forth in detail in the opinion of this Court dated June 15, 2004, Peterson v. Brennan, 2004 WL 1505253 (E.D. Pa. Jun. 15 2004), and the opinion of the Third Circuit dated September 26, 2006, Peterson v. Brennan, 196 Fed. App'x 135 (3d Cir. 2006), cert. denied, 127 S.Ct. 2067 (2007). Accordingly, this Memorandum sets forth only the factual and procedural background necessary to explain its ruling.

On March 10, 1988, petitioner was convicted of two counts of first degree murder. Post-trial motions were denied and petitioner was sentenced to life imprisonment on each of the murder convictions. Peterson filed a *pro se* Verified First Amended Habeas Petition in federal court on May 10, 2001, and a *pro se* Verified Second Amended Habeas Petition on December 3, 2001.[1]

---

[1] In the interim, petitioner filed a series of petitions under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, *et seq.*, and petitions for writ of habeas corpus under 28 U.S.C. § 2254. All of the petitions were dismissed or denied. See Peterson,

On July 31, 2002, United States Magistrate Judge Charles B. Smith filed a Report and Recommendation recommending that the Court deny and dismiss the *pro se* habeas corpus petition without an evidentiary hearing. Judge Smith concluded that four of petitioner's ineffective assistance of counsel claims did not amount to constitutional violations under Strickland v. Washington, 466 U.S. 668 (1984). Judge Smith further concluded that the remainder of petitioner's claims were procedurally defaulted because petitioner had not raised those claims on direct appeal or in a timely PCRA petition.

With respect to the procedurally defaulted claims, Judge Smith stated that "[p]etitioner offers no cause and prejudice allegation which would serve to excuse his procedural missteps. Nor does he make any allegations of actual innocence that allow the Court to consider his habeas claims under a fundamental miscarriage of justice theory." Report and Recommendation at 23-24. As to the issue of cause and prejudice, Judge Smith further stated that petitioner's ineffective assistance of counsel claims "cannot establish 'cause' to excuse his procedural default" because the claims were either unexhausted or did not "amount to an independent constitutional violation." Id. at 24. As to petitioner's assertion of actual innocence, Judge Smith stated that "petitioner has not come forward with new evidence of any kind, be it scientific, eyewitness or physical. Rather, all of the alleged 'alibi' and other records that petitioner claims that trial counsel failed to present at trial were all available to him at the time of trial. Consequently, we have no alterative but to dismiss these procedurally defaulted claims . . . ." Id. at 25.

On August 16, 2002, petitioner filed Objections to the Report and Recommendation, in which he, *inter alia*, asserted cause and prejudice for the procedural default and actual innocence

---

2004 WL 1505253 at *1-3 (summarizing this procedural history).

under Schlup v. Delo, 513 U.S. 298 (1995).  See Pet.'s Reply to Resp. to Objections at 32-36. On December 23, 2002, the Court approved and adopted the Report and Recommendation and overruled petitioner's Objections without opinion.  Petitioner's Verified First Amended Petition and Verified Second Amended Petition for Writ of Habeas Corpus were denied and dismissed.

On January 9, 2003, petitioner filed a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e).   June 15, 2004, the Court issued a twenty-seven page opinion, in which the Court: (1) transferred petitioner's Motion to Supplement filed March 7, 2002 to the Third Circuit for a decision whether to authorize petitioner to file a successive habeas petition; (2) denied reconsideration in all other respects; and (3) granted a certificate of appealability on the question whether the PCRA statute of limitations is an adequate state ground to preclude habeas review.  Peterson, 2004 WL 1505253 at *12.

On appeal, counsel was appointed to represent petitioner in the Third Circuit.  While his appeal was pending, petitioner filed a number of *pro se* motions, in which he vehemently objected to the representation provided by his court appointed attorney because, *inter alia*, counsel did not present petitioner's *pro se* claims on appeal.  The Third Circuit denied petitioner's *pro se* motions by Orders dated January 26, 2005, March 16, 2005 and July 1, 2005.

On September 26, 2006, the Third Circuit issued an opinion in which it: (1) held that the Motion to Supplement was not a successive habeas corpus petition for which petitioner needed the court's authorization, but that the issues raised in the Motion were time-barred; (2) affirmed the denial of petitioner's habeas corpus petition; and (3) held that "the PCRA statute of limitations is an adequate and independent state ground to deny habeas relief."  Peterson, 196 Fed. App'x at 142.

Thereafter, petitioner filed a *pro se* Petition for Same Panel Rehearing, in which he argued, *inter alia*, that counsel refused to brief, and thereby waived, issues that petitioner asked her to raise on appeal. The Third Circuit denied the *pro se* petition for rehearing by Order dated December 7, 2006. On April 16, 2007, the Supreme Court denied petitioner's petition for writ of certiorari. Peterson v. Brooks, 127 S.Ct. 2067 (2007). The Supreme Court denied petitioner's petition for rehearing on June 11, 2007. Peterson v. Brooks, 127 S.Ct. 2970 (2007).

On June 18, 2007, one week after the denial of rehearing in the Supreme Court, petitioner returned to this Court and filed the instant *pro se* Rule 60(b) Motion. In the *pro se* Rule 60(b) Motion, petitioner raises three arguments. First, petitioner asserts that this Court "mistakenly erred regarding the adequacy of the state procedural default rule" in the June 15, 2004 opinion. Pet.'s Mot. at 6. Second, petitioner asserts that this Court "mistakenly erred by not addressing grounds for cause to excuse procedural default." Id. at 14. Third, petitioner asserts that the Third Circuit's September 26, 2005 opinion was the result of fraud by appointed counsel, who (a) "assured that court that she would enforce Peterson's rights to have his arguments heard," but waived his claims; (b) "remove[d]" petitioner's argument "from her brief in order to oppose Peterson"; and (c) misrepresented "that there were no *pro se* claims."

### III. LEGAL STANDARD

Rule 60(b) provides, in relevant part, that relief from judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a

5

> prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. and Welfare, 572 F.2d 976, 977 (3d Cir. 1978).  "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.' " Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981).  However, a "Rule 60(b) motion may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988).

## IV.  DISCUSSION

### A.  Petitioner's Arguments as to This Court's July 15, 2004 Opinion

In the *pro se* Rule 60(b) Motion, petitioner move to reopen this Court's Order dated July 15, 2004 on two grounds.  First, petitioner asserts that the Court mistakenly ruled that petitioner's claims were procedurally defaulted.  Second, petitioner asserts that the Court mistakenly failed to address alleged grounds to excuse the procedural default.  The Court rejects these arguments.

Petitioner's first argument–that the Court erred in ruling that petitioner's claims were procedurally defaulted–is not properly construed as a "mistake" under Rule 60(b)(1), or as ground for relief under Rule 60(b)(6).  Rather, petitioner asserts a claim of legal error, which was raised–and rejected–on appeal.  "[A] Rule 60(b) motion may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." Ibarra v. W.Q.S.U. Radio Broad. Org., 218 Fed. App'x 169, 170 (3d Cir. 2007).  Accordingly, this

argument is not properly raised in a motion under Rule 60(b).  Moreover, even if it were cognizable, petitioner's claim of legal error was squarely rejected by the Third Circuit, which affirmed this Court's holding "that the PCRA statute of limitations is an adequate and independent state ground to deny habeas relief."  Peterson, 196 Fed. App'x at 142.

Petitioner's second argument–that the Court did not address alleged grounds to excuse the procedural default–is also not a "mistake" under Rule 60(b)(1), or ground for relief under Rule 60(b)(6).  Petitioner misstates the record, which demonstrates that the Court considered and rejected the "cause and prejudice" and "actual innocence" issues.  In the Report and Recommendation dated July 31, 2002, Judge Smith stated that there was "no cause and prejudice allegation which would serve to excuse" the procedural default, and, specifically, that petitioner's ineffective assistance of counsel claims did not establish "cause."  Report and Recommendation at 24.  As to petitioner's assertion of actual innocence, Judge Smith stated that "all of the alleged 'alibi' and other records that petitioner claims that trial counsel failed to present at trial were all available to him at the time of trial" and were therefore insufficient to establish actual innocence.  Id.  In his Objections to the Report and Recommendation, petitioner argued in detail that there was both cause and prejudice and evidence of actual innocence to excuse the procedural default.  This Court considered petitioner's argument on cause and prejudice and actual innocence, overruled petitioner's objections, and approved and adopted the Report and Recommendation on December 23, 2002.  Reconsideration of petitioner's procedurally defaulted claims was denied on June 15, 2004.  Peterson, 2004 WL 1505253 at *7.

The Court considered and rejected the arguments and evidence submitted by petitioner on the issues of cause and prejudice and actual innocence at the time of its initial ruling on

December 23, 2002. To the extent that petitioner seeks to offer newly discovered evidence on those issues in support of the *pro se* Rule 60(b) Motion, he is barred by the one-year period of limitations for presenting such evidence. See Fed. R. Civ. P. 60(b)(2). Thus, that part of the Rule 60(b) Motion in which petitioner seeks to reopen the Order of this Court dated July 14, 2004 is denied.

   **B.  Petitioner's Arguments as to the September 26, 2005 Opinion of the Court of Appeals**

In addition, in the *pro se* Rule 60(b) Motion, petitioner asserts that the opinion of the Third Circuit dated September 26, 2005 was the result of fraud by appointed counsel, who allegedly (a) "assured that court that she would enforce Peterson's rights to have his arguments heard," but waived his claims; (b) "remove[d]" petitioner's argument "from her brief in order to oppose Peterson"; and (c) misrepresented "that there were no *pro se* claims." The Court rejects these arguments.

Petitioner previously raised identical arguments regarding his court appointed lawyer in multiple *pro se* motions before the Third Circuit. The Third Circuit denied all of petitioner's *pro se* motions by Orders dated January 26, 2005, March 16, 2005 and July 1, 2005. This Court has no jurisdiction to review orders of the Court of Appeals. See 28 U.S.C. §§ 1331, 1332 (providing that federal district courts are courts of original, not appellate, jurisdiction). Thus, to the extent that petitioner seeks to reopen the judgment of the Third Circuit dated September 26, 2005, the *pro se* Rule 60(b) Motion is denied.

   **C.  A Certificate of Appealability Will Not Issue**

A certificate of appealability from the denial of a Rule 60(b) motion is granted only if the petitioner makes: "(1) a credible showing that the district court's procedural ruling was incorrect;

and (2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights." Morris v. Horn, 187 F.3d 333, 340 (3d Cir. 1999). For the reasons set forth in this Memorandum, the Court concludes that petitioner has not made a credible showing that this Court's procedural ruling was incorrect or a substantial showing of a deprivation of constitutional rights. Thus, a certificate of appealability will not issue.

## V. CONCLUSION

For the foregoing reasons, the *pro se* Verified FRCP 60(b) Motion for Leave to Modify the June 15, 2004 Order of this Court; And, to Reopen the Judgment of the Third Circuit Court is denied. A certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**