IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD C. PETERSON** : | |
| Petitioner, : | |
| : | CIVIL ACTION |
| v. : | NO. 07-2442 |
| : | |
| **MARILYN BROOKS; MS. WARDEN;** : | |
| **THE DISTRICT ATTORNEY OF THE** : | |
| **COUNTY OF PHILADELPHIA; and THE** | |
| **ATTORNEY GENERAL OF THE STATE** | |
| **OF PENNSYLVANIA** | |
| Respondents. | |

ORDER AND MEMORANDUM

**O R D E R**

**AND NOW**, this 29th day of August, 2008, upon consideration of Petitioner's *Pro Se* Verified FRCP 59(e) Motion for Reconsideration of Final Order Entered August 9, 2007 Denying the *Pro Se* Verified FRCP 60(b) Motion for Leave to Modify the June 15, 2004 Order of this Court; and, to Reopen the Judgment of the Third Circuit (Document No. 7, filed August 27, 2007); defendants' Response to Petitioner's Motion for Reconsideration of Order Denying Rule 60(b) Relief from Judgment (Document No. 8, filed August 29, 2007); and Petitioner's Reply to the Respondents' Answer to Petitioner's Motion for Reconsideration (Document No. 11, filed October 3, 2007), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that petitioner's *Pro Se* Verified FRCP 59(e) Motion for Reconsideration of Final Order Entered August 9, 2007 Denying the *Pro Se* Verified FRCP 60(b) Motion for Leave to Modify the June 15, 2004 Order of this Court; and, to Reopen the Judgment of the Third Circuit (Document No. 7) is **DENIED**.

**MEMORANDUM**

**I. INTRODUCTION**

Presently before the Court is petitioner Edward C. Peterson's *Pro Se* Verified FRCP 59(e) Motion for Reconsideration of Final Order Entered August 9, 2007 Denying the *Pro Se* Verified FRCP 60(b) Motion for Leave to Modify the June 15, 2004 Order of this Court; and, to Reopen the Judgment of the Third Circuit. For the reasons set forth below, petitioner's Motion for Reconsideration is denied.

**II. BACKGROUND**

The relevant facts and procedural history of this case are set forth in detail in the Court's opinions of June 15, 2004, Peterson v. Brennan, 2004 WL 1505253 (E.D. Pa. Jun. 15 2004), and August 9, 2007, Peterson v. Brooks, 2007 WL 2306589 (E.D. Pa. Aug. 9, 2007), and in the opinion of the Third Circuit dated September 26, 2006, Peterson v. Brennan, 196 Fed. App'x 135 (3d Cir.2006), cert. denied, 127 S.Ct. 2067 (2007). Accordingly, this Memorandum sets forth only the factual and procedural background necessary to explain its ruling.

**III. LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion within ten days of the entry of a judgment requesting that the court alter or amend the judgment. Fed. R. Civ. P. 59(e). Such a motion is considered a motion for reconsideration.

"A proper Rule 59(e) motion must be based on either an intervening change in controlling law, the availability of new or previously unavailable evidence, or the need to correct clear error or prevent manifest injustice." Choi v. Kim, 258 Fed. App'x 413, 416 (3d Cir. 2007) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The party seeking reconsideration bears the burden of establishing one of these grounds. Max's

Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); In re Loewen Group Inc. Sec. Litig., 2006 WL 27286, at *1 (E.D.Pa. Jan. 5, 2006) ("In a motion for reconsideration, the burden is on the movant.") (internal quotation omitted).

"Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). "A motion for reconsideration is not properly grounded on a request that a court consider repetitive arguments that have been fully examined by the court." Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc., 246 F. Supp. 2d 394, 398 (E.D. Pa. 2002).

**IV.  DISCUSSION**

The instant motion seeks reconsideration of the Court's August 9, 2007 Order and Memorandum, denying petitioner relief under Federal Rule of Civil Procedure 60(b) and declining to issue a Certificate of Appealability.  See Peterson, 2007 WL 2306589.  The issue in the August 9, 2007 opinion was whether petitioner established grounds to "reopen" the Court's 2004 decision denying habeas relief.  See Peterson, 2004 WL 1505253.

Petitioner now seeks reconsideration of the Court's August 9, 2007 decision on the following grounds:  (1) the Court erred in denying a certificate of appealability; (2) the Court mischaracterized petitioner's arguments for reconsideration under Rule 60(b); (3) the Court erred in concluding that it could not consider petitioner's "newly discovered evidence"; (4) the Third Circuit lacked jurisdiction over petitioner's appeal and this Court "maintains its Article III authority to notify the Third Circuit accordingly"; and (5) the Court improperly relied on a magistrate judge's findings in denying petitioner's claims of actual innocence.

Upon consideration of petitioner's arguments, the Court concludes that petitioner has failed to establish grounds for reconsideration and therefore denies his motion. The Court addresses each of petitioner's arguments below.

## 1. Certificate of Appealability

In its Order and Memorandum of August 9, 2007 denying petitioner's Rule 60(b) motion, the Court declined to issue a Certificate of Appealability ("COA") with respect to any of the claims addressed in that Order and Memorandum. Peterson, 2007 WL 2306589, at *5. In so doing, the Court concluded that petitioner had not made a credible showing that the Court's ruling was incorrect, or a substantial showing that petitioner was deprived of his constitutional rights. Id.

In the instant motion, petitioner argues that the denial of the COA was in error. In support of this argument, petitioner repeats arguments that were previously presented to the Court. (See Petitioner's Rule 60(b) Motion, Document No. 1, filed June 18, 2007.) Because the Court has fully examined these arguments, petitioner fails to establish grounds for reconsideration on this issue.

## 2. Basis for Court's 60(b) Ruling

Petitioner asserts that the Court "mischaracterized" his arguments for relief under Rule 60(b) in its August 9, 2007 opinion. (Pet'r Mot. 7.) In that opinion, the Court concluded that petitioner's arguments for relief were not cognizable as "mistake[s]" under Rule 60(b)(1) or (6). Peterson, 2007 WL 2306589, at *3-4 (E.D. Pa. Aug. 9, 2007). That ruling was based on the Court's determination that petitioner asserted a claim of legal error, which had been raised and rejected on appeal.[1] Id. at *4.

4

In the instant motion, petitioner takes the position that his arguments for reconsideration under Rule 60(b) were based on errors of fact, not errors of law.  (Pet'r Mot. 7.)  That is incorrect.  The record reflects that petitioner's 60(b) motion asserted error "regarding the adequacy of the state procedural default rule."  (See Petitioner's Rule 60(b) Motion, Document No. 1, filed June 18, 2007.)  All of the alleged "errors of fact" raised by petitioner relate to the applicability of "controlling state authorities."  (Id.)  More to the point, the alleged "errors of fact" were raised in the earlier 60(b) motion and considered and rejected by the Court.  (See id.)  Petitioner cannot base a motion for reconsideration under Rule 59(e) on repetitive arguments that have been fully examined and rejected by the Court.

**3. "New Evidence"**

In the August 9, 2007 opinion, the Court stated: "To the extent that petitioner seeks to offer newly discovered evidence on those issues in support of the *pro se* Rule 60(b) Motion, he is barred by the one-year period of limitations for presenting such evidence."  Peterson, 2007 WL 2306589, at *4 (E.D. Pa. Aug. 9, 2007) (citing Fed. R. Civ. P. 60(b)(2)).  Petitioner asserts that because the "evidence proffered here was denied examination before the filing of the Rule 60(b) motion - it remains admissible now."  (Pet'r Mot. 8) (emphasis in original).  As a matter fact and law, petitioner is mistaken.  Petitioner's instant motion repeats arguments he has made many times before this Court and the Court of Appeals.  Moreover, it is established that the one-year

---

[1] In his motion for reconsideration under Rule 60(b), petitioner argued that the Court "mistakenly erred regarding the adequacy of the state procedural default rule" in its June 15, 2004 opinion.  This argument clearly implicated a question of law.  Accordingly, the Court held that the argument was not properly raised under a Rule 60(b) motion.  Peterson, 2007 WL 2306589, at *4.

limitation in Rule 60(b)(2) is "mandatory and cannot be enlarged by the court."[2]  Allen v. Wydner, 2008 WL 2412970, at *6 (E.D. Pa. June 10, 2008).

**4.  Actual Innocence**

On December 23, 2002, the Court approved and adopted the Report and Recommendation of Magistrate Judge Charles B. Smith recommending that the Court deny petitioner's pro se habeas petition.  In the instant motion, petitioner asserts that in "den[ying] relief under [petitioner's] alternative theory of actual innocence," the Court "improperly relied on [Magistrate] Judge Smith."  (Pet'r Mot. 9.)  This argument is incorrect and is, therefore, rejected.

The Court approved and adopted Magistrate Judge Smith's Report and Recommendation only after considering petitioner's detailed arguments on actual innocence, as presented in his Objections to the Report and Recommendation.  Peterson, 2004 WL 2306589, at *2 ("The Court considered and rejected the arguments and evidence submitted by petitioner on the issues of cause and prejudice *and actual innocence* at the time of its initial ruling on December 23, 2002.") (emphasis added).  Because the Court independently considered petitioner's arguments and evidence on the issue of actual innocence, it cannot be said that the Court "improperly relied on Judge Smith" in dismissing and denying petitioner's habeas petition.

**5.  Judgment of the Court of Appeals**

Petitioner asserts that the Court of Appeals for the Third Circuit lacked jurisdiction to entertain his appeal.  He further asserts that this Court "maintains . . . authority" to notify the

---

[2] Rule 60(b)(2) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . for newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

Third Circuit "accordingly." (Pet'r Mot. 9.) To the extent that petitioner seeks to reopen the judgment of the Third Circuit, the motion is denied. This Court has no jurisdiction to review orders of the Court of Appeals. See 28 U.S.C. §§ 1331, 1332 (providing that federal district courts are courts of original, not appellate, jurisdiction).

## V.  CONCLUSION

Petitioner has failed to establish a ground for reconsideration. Accordingly, the Court denies petitioner's *Pro Se* Verified FRCP 59(e) Motion for Reconsideration of Final Order Entered August 9, 2007 Denying the *Pro Se* Verified FRCP 60(b) Motion for Leave to Modify the June 15, 2004 Order of this Court; and, to Reopen the Judgment of the Third Circuit.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**